LAW OFFICES OF BLAKE HORWITZ, LTD.
Blake Horwitz, Esq.
155 N. Michigan Ave., Suite 714
Chicago, Illinois 60601
(312) 616-4433

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANIQUA SUBER, ) | |
| ) | Civil Action No. 04-1896 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| OFFICER JOSEPH PETERSON, ) | |
| OFFICER TRIOLO and THE BOROUGH ) | |
| OF NORRISTOWN, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

NOW COMES the Plaintiff, SHANICQUA SUBER, by and through her attorneys, LAW OFFICES OF BLAKE HORWITZ, LTD, and presents the following PRETRIAL MEMORANDUM according to Local Rule 16.1(c), as ordered by this honorable Court.

**NATURE OF THE ACTION AND JURISDICTION**

This is a § 1983 case for excessive force brought by the Plaintiff against the Defendant Officers. The Plaintiff also brought a section 1983 for failure to provide timely medical attention. Finally, the Plaintiff brought state law causes of action for assault and battery and negligence against the Defendant Officers and for *respondeat superior* against the Borough of Norristown. Upon Defendants' motion for summary judgment and Plaintiff's response, this Court (on August 4, 2005) denied summary judgment as to the claim for excessive force and assault and battery against Officer Peterson and granted summary judgment as to all claims

1

against Officer Troilo and the Borough of Norristown.  Plaintiff stipulated to the dismissal of the counts for failure to provide medical assistance and negligence.  The jurisdiction of this court is based on original jurisdiction over the federal section 1983 action and supplemental jurisdiction over the state law assault and battery action arising out of the same incident.

**BRIEF STATEMENT OF THE FACTS OF THE CASE**[1]

Plaintiff, Shanicqua Suber, attempted to return items at the Family Dollar Store on November 22, 2003.  A disagreement ensued between Ms. Suber and John Hamson, the store manager.  Given the disagreement, both Shanicqua Suber and John Hamson called the police.

Defendant Officer Joseph Peterson arrived at the Family Dollar Store.  After consulting with Mr. Hamson, Officer Peterson approached Ms. Suber and arrested her due to an outstanding warrant, later determined to be invalid.  In the course of her arrest, Officer Peterson, a man of approximately 300 pounds, squeezed Ms. Suber, a 120-pound woman, up against a store wall and then threw her to the ground on her abdomen.  Officer Peterson denies throwing Ms. Suber to the ground and admits it was unnecessary to do so.  Officer Peterson admits that when he first grabbed Ms. Suber, she told him she was pregnant.

After being thrown to the ground, Ms. Suber began to bleed, and screamed that she was bleeding and pregnant and that she must go to the hospital immediately.  As the Officer Peterson and Officer Troilo placed Ms. Suber into the police van, she continued her plea for instant transport to the hospital to protect her baby due to the bleeding.  The officers did not respond to her requests.

Officer Peterson drove Ms. Suber to the police station in spite of her repeated requests to be taken to the hospital, driving past the hospital on the way to the station.  En route, the bench

---

[1] These facts are excerpted from the Plaintiff's Response to Defendants' Motion for Summary Judgment and the exhibits that were included with it.

in the police van filled with blood. Nevertheless, at the police station, the officers proceeded to attempt to book Ms. Suber. Finally, EMTs arrived at the station, were shown the blood, whereupon Ms. Suber was instantly transported to the emergency room at Mercy Suburban Hospital. Eventually, Ms. Suber was examined and the doctor determined she had miscarried.

Two days prior to the officer's abuse, Ms. Suber sought treatment at the emergency room for minimal spotting. At that time, she was examined, the fetus was determined to be healthy and viable through an ultrasound, and Ms. Suber was discharged. The use of force by Officer Peterson caused the passage of the fetus and the bleeding experienced by Shanicqua Suber (according to Plaintiff's expert, Dr. Matviuw).

## **DAMAGES CLAIMED BY THE PLAINTIFF**

Plaintiff is claiming damages for the physical and emotional pain and suffering she experienced because of the force used by the Defendant. There are not itemized bills for these damages, but rather the jury shall determine the appropriate amount to compensate the Plaintiff for her losses. Plaintiff is also seeking punitive damages against the Defendant officer, to be determined by the jury. Finally, Plaintiff will petition the Court for attorneys' fees (under section 1988) and costs.

## **WITNESSES THE PLAINTIFF EXPECTS TO CALL AT TRIAL**

1. Shanicqua Suber, Plaintiff, witness/involved in entire incident and subsequent physical and emotional pain and suffering (liability and damages).
2. Joseph Peterson, Defendant, witness/involved in incident (liability and damages).
3. Russell Bono, testimony as to reasonable use of force (liability).
4. Todd Dillon, witness to part of the incident (liability and damages).
5. Kevin McKeon, investigated incident (liability and damages).

6. Willie Richet, investigated incident (liability and damages).

7. Angelo Troilo, witness/involved in incident (liability and damages).

8. Joanne Moody, 622 Cherry Street, Norristown, PA 19401, witness to the altercation between Plaintiff and Defendant and the amount of force used by the Defendant (liability and damages).

9. Ronicka Scott, 725 E. Moore Street, Norristown, PA 19401 (LKA), witness to the altercation between Plaintiff and Defendant (liability and damages).

10. Robin Frazier, 122 W. Elm St., Norristown, PA 19401, witness to the altercation between Plaintiff and Defendant and force used by the Defendant (liability and damages).

11. Sherri Todd, 125 W Elm St., Norristown, PA 19401, witness to the altercation between Plaintiff and Defendant (liability and damages).

12. Dr. Martia Bohl-Witchey, c/o Paulyne Gardner, Esq., Kane, Pugh, Knoell, Troy & Kramer, LLP, 510 Swede Street, Norristown, PA 19401 (causation and damages).

13. Dr. Richard Purse, c/o Pauline Gardner, Esq., Kane, Pugh, Knoell, Troy & Kramer, LLP, 510 Swede Street, Norristown, PA 19401 (causation and damages).

14. Dr. William Matviuw, Plaintiff's expert (causation).

15. Dr. Sherri Blumenthal, Defendant's expert (causation).

16. Laurie Montgomery, social worker/therapist, Central Montgomery Mental Health Center 1100 Powell St., Norristown, PA 19401 (damages).

Plaintiff reserves the right to call in Plaintiff's case in chief and/or on cross-examination any witnesses listed or called by the Defendant, and to call any witnesses solely for rebuttal of the Defendant's witnesses and/or evidence. Plaintiff reserves the right to supplement this list.

**EXHIBITS THE PLAINTIFF EXPECTS TO OFFER OR USE AT TRIAL**[2]

1. Mercy Suburban medical records for the Plaintiff dated November 20, 2003 (numbered M002-16, M050).

2. Mercy Suburban medical records for the Plaintiff dated November 22, 2003 (numbered M019-29).

3. Mercy Suburban medical records for the Plaintiff dated December 24, 2003 (numbered M036).

4. Pennsylvania EMS Report for the Plaintiff dated November 22, 2003 (numbered M051).

5. T-Mobile phone records of the phone call made by Plaintiff to the Norristown Police Department on November 22, 2003 (numbered P00042-45, redacted to only include those telephone calls).[3]

6. Central Montgomery Health Center records dated March 26, 2004 to May 30, 2004 (numbered 0025, 0030-37).

7. Statement of Ronicka Scott, if necessary for impeachment (audio recording or transcript numbered 0048-50, redacted to exclude attorney work-product).

8. Statement of Robin Frazier, if necessary for impeachment (audio recording or transcript numbered 0051-53, redacted to exclude attorney work-product).

9. Deposition transcripts of any testifying witnesses (for impeachment purposes)

Plaintiff reserves the right to offer additional exhibits for rebuttal or impeachment purposes and reserves the right to supplement this list.

**ESTIMATED NUMBER OF DAYS FOR TRIAL**

Plaintiff estimates the trial to last four to five days.

---

[2] Plaintiff does not anticipate introducing these documents into evidence at trial, but may use them at trial in the presentation of witnesses.
[3] This is the only document Plaintiff plans to enter into evidence at this time.

**STIPULATIONS**

      Plaintiff requests the parties stipulate to the authenticity of the copies of the T-Mobile phone records and the various medical records and obviate the need to call the custodian of the records at trial or otherwise certify the records according to Rule 902.

                                    Respectfully Submitted By:

                                    s/Blake Horwitz_____
                                  Attorney for the Plaintiff
                                  Blake Horwitz
                                  bwhorwitz@att.net